UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GIOVANNY GARCIA,

Plaintiff(s),

v.

MARK RUBIO, et al.,

Defendant(s).

Case No.2:25-CV-1036  JCM (DJA)

ORDER

Presently before the court is defendants' motion to dismiss.  (ECF No. 15).  Plaintiff Giovanny Garcia filed a response (ECF No. 20), to which defendants replied (ECF No. 21).

I.    **Background**

A.  Alleged Facts

Plaintiff, for his entire life, had no reason to believe that he was not born in the United States.[1]  He has a social security card, paid his taxes as a U.S. citizen, was issued a California birth certificate, and at one point held a valid U.S. passport.  (ECF No. 1 at 5–6).

But then his mother filed an I-130 swearing that plaintiff was born in Mexico—not the United States—and registered his birth in Mexico.  (*Id.* ¶¶ 38, 41); (ECF No. 21, Ex. A).  Thereafter, the Department of State instructed the California Office of Vital Statistics to change plaintiff's place of birth to Mexico.[2]  (ECF No. 1 ¶ 39).  Plaintiff asserts that he obtained two

_____

[1] The complaint does not include dates.

[2] Plaintiff alleges that the Department of State instructed "them" to change plaintiff's birth certificate.  (ECF No. 1 ¶ 39).  The court implies from surrounding language and context that plaintiff is referring to the Office of Vital Statistics.  If this is erroneous, it does not impact the court's analysis.

judgments: one directing the office to correct the certificate and one confirming he was not born in Mexico. (*Id.* ¶¶ 40–41). He does not indicate when these judgments occurred.

It is undisputed that the Department of State revoked plaintiff's U.S. passport and denied plaintiff's attempted renewal(s) thereof. (*Id.* ¶¶ 35–36); (ECF No. 21 at 1). Plaintiff was placed in removal proceedings, wherein the immigration judge declared he lacked jurisdiction and directed plaintiff to file a case with this court. (ECF No. 1 ¶ 42). Plaintiff asserts he is no longer in removal proceedings. (*Id.*); (ECF No. 20 at 8–9).

B. Procedural Background

Plaintiff filed the complaint on June 12, 2025, asserting claims for relief under the Citizenship Clause of the Fourteenth Amendment, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Administrative Procedure Act, 5 U.S.C. § 706(2)(c). (ECF No. 1). He requests, in part, that the court (1) preliminarily and permanently enjoin defendants from implementing or enforcing adverse actions against him; (2) declare that he was born in the United States and is a United States Citizen; and (3) mandate that the Department of State issue him a passport. (ECF No. 1, Prayer for Relief).

Approximately two weeks after filing the complaint, plaintiff filed a motion for temporary injunction (styled as a permanent injunction). (ECF No. 4). On August 26, 2025, this court denied the motion without prejudice for failure to comply with service requirements. (ECF No. 8). Plaintiff did not renew the motion.

Defendant brought the instant motion to dismiss the complaint on November 25, 2025.

II. **Legal Standards**

A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which

it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction and bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Co.*, 298 U.S. 178, 189 (1936)).

A Rule 12(b)(1) jurisdictional challenge may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When a defendant argues the claims in a complaint, even if true, are insufficient to establish subject matter jurisdiction, the challenge is a facial one. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge to subject matter jurisdiction under Rule 12(b)(1), courts must accept as true all material allegations in a complaint as true and construe the complaint in favor of the plaintiff. *White*, 227 F.3d at 1242; *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

B. Federal Rule of Civil Procedure 12(b)(6)

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (internal citations and quotations omitted). If a proposed amendment would be subject to dismissal, leave to amend need not be given. *See id.*

**III.    Discussion**

Defendants move to dismiss all of plaintiff's claims on the grounds that plaintiff lacks subject matter jurisdiction and fails to state a claim upon which relief can be granted. They argue that plaintiff should have brought the action under 8 U.S.C. § 1503(a), to the exclusion of claims asserted in the complaint. The court agrees that § 1503 is the appropriate basis for plaintiff's relief; however, it is possible that amendment may be futile.

A.    Citizenship Clause of the Fourteenth Amendment

Under the Citizenship Clause of the Fourteenth Amendment, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1. The Citizenship Clause serves as a "constitutional definition and grant of citizenship," *Afroyim v. Rusk*, 387 U.S. 253, 262 (1967), and "provides the constitutional basis for claims regarding an individual's legal status as a citizen." *Fikre v. FBI*, 23 F. Supp. 3d 1268, 1280 (D. Or. 2014) (collecting cases). To be clear, the Citizenship Clause "only defines and protects an individual's status as a citizen while other constitutional limitations on the powers of the government protect the rights of citizenship." *Fikre*, 23 F. Supp. 3d at 1280.

Here, plaintiff's claims require resolution of whether he was born in the United States and is thus entitled to the rights and privileges of citizenship (e.g., issuance of a U.S. passport). *See*

*id.*; *see also Loya v. Rubio*, No. CV 25-1245 PA (PVCx), 2025 U.S. Dist. LEXIS 175952, at *3 (C.D. Cal. Sept. 5, 2025) (citing 22 U.S.C. § 212; *Jew May Lune v. Dulles*, 226 F.2d 796, 798 (9th Cir. 1955)) (issuance of a passport is a right or privilege of citizenship).  Permitting plaintiff to move forward with a claim seeking to protect his alleged right or privilege to hold a passport, when his citizenship is at issue, puts the cart before the horse and would be contrary to the well-founded understanding of the function of the Citizenship Clause.

Moreover, Congress has provided a claim for relief and an adequate remedy under 8 U.S.C. § 1503.  "Congress intended § 1503(a) to be the exclusive remedy for a person within the United States to seek a declaration of U.S. nationality following an agency's or department's denial of a privilege or right of citizenship."  *Cambranis v. Blinken*, 994 F.3d 457, 466 (5th Cir. 2021); *see Alvarez v. United States Dep't of State*, No. 5:24-CV-0918, 2025 U.S. Dist. LEXIS 86735, at *4 (C.D. Cal. Mar. 17, 2025) (finding that plaintiff could not assert a Fifth Amendment claim to challenge denial of passport application because § 1503(a) provided an adequate remedy at law).

Section 1503 provides in part

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States,

8 U.S.C. § 1503(a).[3]

. . .

. . .

---

[3] The exception is when the complainant is in removal proceedings.  § 1503(a).  Plaintiff states that this is not the case, which the court accepts as true for the purposes of this order.  (ECF No. 1 ¶ 42); (ECF No. 20 at 8–9).

Put simply, this exclusive cause of action is triggered only where a person who claims to be a national has been denied a right or privilege on the ground that he is not a national.[4]

Plaintiff argues that the Department of State's previous issuance of a passport was an adjudication that he was a citizen of the United States.[5]  (ECF No. 20 at 7–8).  Plaintiff misunderstands the nature of the agency's determination: Passports provide proof of citizenship; they do not confer citizenship.  22 U.S.C. § 2705; *Chacoty v. Tillerson*, 285 F. Supp. 3d 293, 298 (D.D.C. 2018).  Likewise, the cancellation of a United States passport by the Secretary of State affects "only the document and not the citizenship status of the person in whose name the document was issued."  8 U.S.C. § 1504(a); *see also Vasquez v. Blinken*, No. 21-40062, 2021 WL 5985059, at *4 (5th Cir. Dec. 16, 2021) (affirming petitioner's observation that most "denials are based on insufficient evidence, rather than affirmative findings that the applicant was not a citizen.").

Section 1503 is intended to remedy exactly the sort of harm that plaintiff alleges he has incurred—revocation and/or denial of his claimed right or privilege to hold a United States passport.  *See Loya v. Rubio*, 2025 U.S. Dist. LEXIS 175952, at *3.  He believes that the decision by the Department of State was wrong on the grounds that he is indeed a national and wishes to be heard on the matter.  (*See* ECF No. 1 ¶¶ 35–39).  Section 1503 is the proper route to uncover the facts and lay out the evidence demonstrating that this is the case.

Furthermore, § 1503(a) requires a "final administrative denial," which occurred here.  *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).  An agency action is "final" when two conditions

---

[4] A "national of the United States" is a citizen of the United States or a permanent resident owing allegiance to the United States.  8 U.S.C. § 1101(a)(22).

[5] Notably, plaintiff does not provide authority in support of this claim.  *See* LR 7-2(d).

- 7 -

are satisfied: (1) the action marks the "consummation of the agency's decision-making process," i.e., it is not merely tentative or interlocutory in nature, and (2) the action is one by which "rights or obligations have been determined, or from which legal consequences will flow."  *Id.* at 646 (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)) (internal quotations omitted).

Based on the briefings before the court, there is no genuine dispute that plaintiff's passport was revoked at some point in time and that on at least one instance plaintiff attempted to renew his passport and was denied.  (ECF No. 1 ¶¶ 35–36); (ECF No. 21 at 1); (ECF No. 15 at 7 n.5).  The Department of State does not provide additional hearing or appeal processes when a passport has been revoked, cancelled, or invalidated on the grounds that a person is not a U.S. national.  *See* 22 C.F.R. 51.70(b)(5).  Thus, the next step was for plaintiff to institute a § 1503(a) action.

In sum, § 1503 is the proper avenue to address plaintiff's claims.  Plaintiff's claim under the Citizenship Clause of the Fourteenth Amendment is inappropriate and must be dismissed for failure to state a claim upon which relief can be granted, considering he seeks relief outside of the scope of the Citizenship Clause and that § 1503(a) is the exclusive claim for the relief he seeks. *See* Fed. R. Civ. P. 12(b)(6); *see also Baker v. Carr*, 369 U.S. 186, 200 (1962) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)) ("For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (declaring that it is "firmly established" that "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction").

B.  Administrative Procedure Act

The APA limits judicial review to "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704; *Sackett v. EPA*, 566 U.S. 120, 127 (2012).  Where Congress has supplied special and adequate review procedures, § 704 does not provide additional remedies.

*Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988); *Coos Cnty. Bd. of County Com'rs v. Kempthorne*, 531 F.3d 792, 810 (9th Cir. 2008).  This claim is dismissed because § 1503(a) is the exclusive route through which plaintiff may seek relief for the denial or revocation of his passport. *See* Section III.A; Fed. R. Civ. P. 12(b)(6).

### C.  Declaratory Judgment

"The Declaratory Judgment Act does not create an independent basis for jurisdiction, but instead provides the Court with subject matter jurisdiction where jurisdiction already exists." *Alvarez*, 2025 U.S. Dist. LEXIS 86735, at *3 (citing *Gritchen v. Collier*, 254 F.3d 807, 811 (9th Cir. 2001)).  Additionally, a claim under the Declaratory Judgment Act is duplicative of § 1503(a), which allows a successful plaintiff to seek a declaration that he is a U.S. national.  This claim is dismissed.

### D.  Injunctive Relief

In his prayer for relief, plaintiff requests that the court "preliminarily and permanently enjoin defendants from implementing or enforcing their adverse actions against plaintiff."  (ECF No. 1, Prayer for Relief).  A court considers the following in analyzing a motion for preliminary injunction: (1) plaintiff's likelihood of success on the merits of his claim; (2) the likelihood that plaintiff will otherwise suffer irreparable harm; (3) if the balance of equities tips in his favor; and (4) whether a preliminary injunction is in the public interest.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Similarly, a plaintiff seeking a permanent injunction must demonstrate (1) irreparable injury: (2) that the remedies at law are inadequate to compensate for that injury; (3) the balance of hardships warrants a remedy in equity; and (4) the public interest would not be disserved by a permanent injunction.  *Oppenheimer & Co. Inc. v. Mitchell*, 135 F.4th 837, 850 (9th Cir. 2025) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

A prayer for injunctive relief cannot stand alone; there must be some underlying basis for likelihood of success on the merits of the claim or a demonstration of irreparable harm. *See Winter*, 555 U.S. at 20; *Oppenheimer & Co. Inc.*, 135 F.4th at 850. Here, plaintiff's claims for relief have been dismissed, leaving the case essentially a shell unless plaintiff can feasibly amend the complaint to add a § 1503(a) claim. Thus, plaintiff's only chance to proceed on a prayer for injunctive relief hinges on his ability to amend his complaint.

E.  Amendment

Normally, the court would grant leave for plaintiff to amend his complaint. *See DeSoto*, 957 F.2d at 658. After all, nationality disputes are fact intensive. Thus, plaintiff's allegations that he is a citizen and his mother's I-130 form was fraudulent would be sufficient and plausible to get him in the door if properly pled under § 1503(a).

However, it is possible that a § 1503(a) claim would be time-barred and thus amendment would be futile. Section 1503(a) contains a five-year limitations period that courts have consistently ruled begins to run at the first final administrative denial. *See* 8 U.S.C. § 1503(a); *see, e.g.*, *Loya v. Rubio*, 2025 U.S. Dist. LEXIS 175952, at *8–9 (collecting cases); *Gonzalez v. Limon*, 926 F.3d 186, 190 (5th Cir. 2019); *Heuer v. U.S Sec. of State*, 20 F.3d 424, 426–27 (11th Cir. 1994). Here, the first final administrative denial was in 2010. Nonetheless, because this court has not previously considered whether the doctrine of equitable tolling applies to § 1503, it defers ruling on the motion to permit the parties to brief the issue.

*1.  Incorporation by Reference*

The complaint does not specify when plaintiff's application(s) for renewal were denied, however defendants point the court toward two relevant documents: a passport application that was denied in 2023; and a 2010 revocation of plaintiff's passport based on insufficient evidence

of U.S. citizenship.  (ECF No. 21, Ex A).  In their reply, defendants ask the court to consider the denial and revocation letters as well as accompanying documents, pursuant to the incorporation by reference doctrine.

A document not attached to a complaint may nonetheless be incorporated by reference if the complaint refers extensively to the document or if the document forms the basis of the plaintiff's claim.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  This includes documents presented in a reply brief that are responsive to the opposition.  *See Miller v. Glenn Miller Prods.*, 454 F.3d 975, 979 n.1 (9th Cir. 2006) (per curiam) (holding that district court did not err in considering evidence submitted with reply in support of summary adjudication when it was introduced to counter claims made in the opposition, and the non-moving party could have asked the court for permission to respond); *Braggs v. Arpaio*, 373 Fed. App'x 680, 681 (9th Cir. 2010) (concluding that the district court did not err in considering evidence defendant submitted with his reply, to which plaintiff had the opportunity to respond).

The defendants offer the 2010 revocation and 2023 renewal documents to demonstrate that amendment to the complaint would be futile.  *See Kroessler*, 977 F.3d at 815 (amendment is futile if no amendment would withstand dismissal as a matter of law).  An amended complaint asserting a § 1503(a) claim would necessarily rely on these documents, as they are purported evidence of the state's denial of a claimed right or privilege.  In considering whether leave to amend would be futile on time-barred grounds, the court finds it appropriate to accept that these documents would be incorporated by reference in an amended complaint asserting a § 1503(a) claim.

*2. The First Final Administrative Denial was in 2010.*

As noted above, there are two sets of documents offered by defendants: (1) the 2010 revocation letter, and (2) the 2023 denial of plaintiff's passport renewal application, which

- 11 -

references and attaches the 2010 revocation.  (*See generally* ECF No. 21, Ex. A).

The 2010 revocation is the first final administrative denial.  *See* 8 U.S.C. § 1503(a); *see, e.g.*, *Loya*, 2025 U.S. Dist. LEXIS 175952, at *8–9; *see also Alsaidi v. United States Dep't of State*, 292 F. Supp. 3d 320, 327 (D.D.C. 2018) (in the context of § 1503 claims, "passport revocation and the denial of a passport renewal application do not present meaningfully different questions"); *Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 (S.D. Tex. 2016).  By revoking plaintiff's passport, the Department of State finally and conclusively determined that plaintiff no longer had the right or privilege to hold it.  As indicated in the last paragraph of the letter, the only appeal of this determination was through a § 1503 claim.  (ECF No. 21, Ex. A); *see also* 22 C.F.R. 51.70(b)(5); *supra* Section III.A.

Because the first final administrative denial in 2010 was more than five years from the time that plaintiff filed this action in 2025, any amendment to the complaint to add a § 1503 claim would normally be time-barred under the text of the statute.

### 3.   *The Court Will Permit Briefing on Equitable Tolling*

This court has not previously considered the application of the doctrine of equitable tolling to § 1503 claims, although at least one court in this circuit has determined that a plaintiff may seek such relief.  *See Loya*, 2025 U.S. Dist. LEXIS 175952, at *15–16.  Considering the dispositive nature of defendants' motion, and lack of briefing or alleged facts pertaining to equitable tolling, the court will permit the parties to submit supplemental briefing on the issue before definitively ruling on this motion.

## IV.   Conclusion

Accordingly,

The court DEFERS ruling on defendants' motion to dismiss (ECF No. 15).  Plaintiff is

HEREBY ORDERED to submit supplemental briefing on the issue of equitable tolling within fourteen days of this order limited to five (5) pages.  Thereafter, defendants may respond within seven days in no more than five (5) pages.

DATED April 17, 2026.

_____
UNITED STATES DISTRICT JUDGE

- 13 -