UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GIOVANNY GARCIA,

Plaintiff(s),

v.

MARK RUBIO, et al.,

Defendant(s).

Case No.2:25-CV-1036  JCM (DJA)

ORDER

Presently before the court is the federal defendants' motion to dismiss.  (ECF No. 15).

## I.    Background

In a previous order on the defendants' motion to dismiss the complaint, (ECF No. 22), the court ruled that 8 U.S.C. § 1503(a) was plaintiff's only recourse for the revocation of his United States passport on the grounds of non-citizenship.  There was no viable way for him to proceed with his claims asserted under the Citizenship Clause of the Fourteenth Amendment, Administrative Procedure Act, and Declaratory Judgment Act.  The complaint did not assert a claim under § 1503(a).  However, the court found that, if properly pled, there were sufficient and plausible claims to state a claim for relief under § 1503(a).

Relevant to the present order, the court noted that it is possible that plaintiff is time-barred from asserting a § 1503(a) claim, thus rendering amendment futile, because the first final administrative denial was more than five years ago.  Because it had not previously considered the application of the doctrine of equitable tolling to § 1503 claims, the court permitted the parties to submit supplemental briefing on the issue of equitable tolling.

## II.   Discussion

Generally, statutes of limitation are nonjurisdictional.  *Wilkins v. United States*, 598 U.S.

152, 158 (2023).  That said, the defendants argue that the statute of limitations in 1503(a) is jurisdictional, and thus "not subject to equitable tolling."  *See Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1095 (9th Cir. 2005).  Pointing to *Fletes-Mora v. Brownell*, defendants argue that the Ninth Circuit has already determined that § 1503(a)'s limitations period is jurisdictional.  *See Fletes-Mora v. Brownell*, 231 F.2d 579 (9th Cir. 1955).  But there is no holding to such an effect in the opinion, which does not contemplate the applicability of equitable tolling.  *See id.* at 581; *see also Loya v. Rubio*, No. CV 25-1245, 2025 WL 2995099, at *6 (C.D. Cal. Sept. 5, 2025) (determining that the Ninth Circuit has "not yet analyzed" the issue); *Villegas v. Noem*, 149 F.4th 554, 563 (5th Cir. 2025) (statement regarding § 1503(a) time bar was dictum because it was not given the "full and careful consideration of the court," was not necessary to the result, and the court did not conduct a clear statement test (quoting *Int't Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004))).

At most, it is clear that "a final administrative denial is required for a court to have jurisdiction under 1503(a)."  *Alawi v. U.S. Citizenship & Immigr. Servs. (USCIS)*, No. 1:20-cv-00608, 2022 U.S. LEXIS 149668, at *10 (E.D. Cal. Aug. 19, 2022) (citing *Fletes-Mora*, 231 F.2d at 581)); *Ortego-Morales v. Lynch*, 168 F. Supp. 3d 1228, 1235 (168 F. Supp. 3d 1228, 1235 (D. Ariz. 2016); *but see Olopade v. Ashcroft*, 2004 U.S. Dist. LEXIS 32107, at *8 (D. Ohio Apr. 5, 2004) (interpreting *Fletes-Mora* as requiring petition to allege it was filed within five years of administrative denial).

Turning to the stance of other courts, there is a split as to whether the statute is jurisdictional.  *Compare Villegas v. Noem*, 149 F.4th 554, 566 (5th Cir. 2025) ("No aspect of the jurisdictional clause clearly refers back to the five-year time bar."), *Loya*, 2025 WL 2995099, at *6 (following the Fifth Circuit), *and Tristan v. United States Dep't of State*, No. 4:25 CV 255, 2025 U.S. Dist. LEXIS 204194, at *17 (E.D. Mo. Oct. 16, 2025), *with Mendoza v. Dep't of Homeland Sec.*, No. CV 21-10413 (KM), 2022 WL 1744649, at *4 (D.N.J. May 27, 2022) (finding based on text alone that "Congress has stated clearly that five-year statute of limitations is jurisdictional.") *and Harris v. Dep't of Homeland Sec.*, 18 F. Supp. 3d 1349, 1357 (S.D. Fla. 2014). . . .

In *Villegas v. Noem*, the Fifth Circuit applied the "clear statement text" and determined that § 1503(a) "does not clearly tie its jurisdictional provision to its procedural time bar." 149 F.4th at 568. This court finds the Fifth Circuit's reasoning in *Villegas v. Noem* persuasive and accordingly holds that the § 1503(a) time bar is nonjurisdictional.

Because the statute is nonjurisdictional, equitable tolling may be available to plaintiff under a properly pled complaint. The court notes defendants' concerns with the timing of plaintiff's state petition and federal suit, and explanation presented in the supplemental brief. However, the court finds it is appropriate at this stage to permit plaintiff to file an amended complaint asserting a § 1503(a) claim and detailed equitable tolling allegations. Defendants may assert their equitable tolling arguments again in a responsive motion to dismiss.

**III.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the federal defendants' motion to dismiss the complaint (ECF No. 15) be, and the same hereby is, GRANTED.

DATED June 11, 2026.

_____
UNITED STATES DISTRICT JUDGE